524 So.2d 488 (1988)
Enrique C. SORIANO, Appellant
v.
HUNTON, SHIVERS, BRADY & ASSOCIATES, Appellees.
No. 87-778.
District Court of Appeal of Florida, Fifth District.
May 5, 1988.
*489 Ted R. Manry, III and Charles W. Pittman of MacFarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
Ted R. Brown & Michael J. Sullivan of Godbold, Allen, Brown & Builder, P.A., Winter Park, for appellees.
DAUKSCH, Judge.
This is an appeal from a judgment in a contract case.
Barnett Bank hired appellees to design a bank building. Appellees, as the architects, hired appellant to assist in the design by providing structural designs. This was done. When the builder began construction and came to the point where the structural design was to be used he contacted the architects, appellees, and said the design was defective. Appellees then relayed that information to appellant. Appellant disagreed saying his design was not defective. Appellees obtained two other structural engineers who gave their opinion that the structural design by appellant was defective, thus agreeing with the builder that modifications to a portion of the building which had already been built were necessary and that other costs would be incurred in the strengthening of the building. In other words, the new structural design required tearing-out of some of the partially constructed building and shoring of the structure to be built. All of this amounted to a greater expense to the builder and thus the owner. The responsibility for the design was appellees'. Because appellees hired appellant to assist and that assistance was allegedly defective appellees sued appellant for breach of contract and indemnification.
Appellees alleged that they incurred a total cost of $56,291 to complete the modifications. Of this amount, the trial court disallowed $10,780 for modifications to the fifth floor and roof level deemed to be unnecessary and deducted $5,340 for appellant's recovery under its counterclaim. This left a total damage award of $40,171. Appellant contends on appeal that he is not responsible for those costs which would have necessarily been incurred and paid for by the owner had the modifications been a part of the original design. We agree.
Although appellees may have deemed the modifications necessary for the owner's protection, they were not authorized to act as the owner's agent by approving of or implementing such changes. By assuming the financial responsibility for these changes, appellees acted as volunteers.[1] Rather than initially seeking the owner's approval or assessing the owner for the additional costs as they should have done, appellees chose to voluntarily step into the owner's shoes and act on the owner's behalf without the authority to do so. Appellees thereby forfeited their right to later assert any defenses which they would have had against the owner had the owner chosen to litigate the matter.
In those situations where a person officiously confers a benefit upon another, our supreme court, quoting from Restitution and Implied Contracts in American Jurisprudence Second Edition, adopted the following principle:
`The basic principle that a person who officiously confers a benefit upon another is not entitled to restitution therefor, and the general rule that a person who without mistake, coercion, or request has unconditionally conferred a benefit upon another is not entitled to restitution, except where the benefit was conferred *490 under circumstances, making such action necessary for the protection of the interests of the other or of a third person, apply to the performance of services for the benefit of another or the performance of a duty of another to a third person. Where it is imperatively necessary for the protection of the interests of third persons or of the public that a duty owed by another should be performed, a stranger who performs it may be entitled to restitution from the other, even though his performance was without the other's knowledge or against his will. Furthermore, a person or his belongings may be in such jeopardy that a stranger is privileged to intervene and to recover for his salvage services.' (Emphasis supplied.) 66 Am.Jur.2d, Restitution and Implied Contracts § 23.
Tipper v. Great Lakes Chem. Co., 281 So.2d 10, 13 (Fla. 1973). The exception set forth by the court above is not present in this case. Although we recognize that appellees have not sought recovery under a quasi-contractual theory of liability as did the petitioner in Tipper, the court's reasoning is analogous. See also Hermanowski on Behalf of Americable Associates v. Naranja Lakes Condominium No. Five, Inc., 421 So.2d 558 (Fla. 3d DCA 1982), rev. den., 430 So.2d 451 (Fla. 1983). Because the owner is the party who actually benefited from the modifications, the owner should have been provided with the opportunity to approve of and assume responsibility for those changes. To permit appellees to recover from appellant in this instance may encourage acts of volunteerism under a guise of mitigating an owner's damages without the owner's consent.
In reversing the damage award, we find that appellees are entitled to damages of $21,291 of the original claim for $56,291. We arrive at this figure by deducting $10,780, as the trial court did, for the unnecessary modifications to the fifth floor and roof level, $25,380 for those costs which would have been incurred by the owner had the modifications been a part of the original design,[2] $5,340 for appellant's recovery under its counterclaim and by adding in $6,500 for those costs agreed upon by the parties. This cause is therefore remanded to the trial court for entry of a judgment in accordance with this decision.
REVERSED.
ORFINGER and COWART, JJ., concur.
NOTES
[1] Appellant raised this below as an affirmative defense.
[2] The appellant concedes that he is responsible for additional engineering expenses in the amount of $9,811 and out of sequence construction costs in the amount of $10,320 [although appellant erroneously attributed $9,778 for these latter costs, this amount was correctly changed by appellant to include the additional amount of $542 for shoring costs.] Because the owner did not derive an added benefit as a result of the out of sequence and additional engineering expenses, appellant must assume responsibility for them. After these items and the $10,780 in unnecessary improvements are deducted from the total cost of $56,291, it is evident that the remaining balance of $25,380 represents that amount for which the owner should have assumed responsibility and for which appellees are now deemed directly liable.